UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT G. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-365-G |
| | ) |
| MARGARET GREEN, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On March 31, 2025, Petitioner Robert G. Johnson, a state prisoner, filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1); Pet'r's Suppl. Br. (Doc. No. 4). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings.

On April 9, 2025, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 5), in which she recommended dismissal of the pleading as an unauthorized second or successive habeas petition. *See* 28 U.S.C. § 2244(b); R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. Petitioner has filed an Objection to the R. & R. *See* Doc. No. 6. Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

I.    *Background*

Petitioner herein challenges his 1993 conviction in the District Court of Comanche County, Oklahoma, on multiple counts of first-degree murder and shooting with intent with

intent to kill and one count of attempted shooting with intent to kill. *See* Pet. at 1; *State v. Johnson*, No. CF-1984-597 (Comanche Cnty. Dist. Ct.). The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence on December 2, 2003. *Johnson v. Mullin*, 505 F.3d 1128, 1133 (10th Cir. 2007); *see* Pet. at 2.

As set forth in the R. & R., Petitioner then filed a petition for federal habeas corpus under 28 U.S.C. § 2254 (the "2004 Petition") in this Court. R. & R. at 2; *see Johnson v. Mullin*, No. CIV-04-1602-L (W.D. Okla.). The Court denied that petition on its merits, and the Tenth Circuit Court of Appeals affirmed. *See Johnson*, 505 F.3d at 1133, 1160.

In 2016, Petitioner filed another § 2254 petition (the "2016 Petition") in this Court seeking relief on the Comanche County conviction. R. & R. at 3; *see Johnson v. Harvanek*, No. CIV-16-942-C (W.D. Okla.). The Court dismissed the petition, and Petitioner did not appeal. R. & R. at 3.

II.     Discussion

Petitioner now again seeks habeas relief upon the 1993 Comanche County conviction. In his Petition, Petitioner alleges a violation of his rights under the Sixth and Fourteenth Amendments and "asserts he has 'newly discovered evidence' supporting his alibi defense." R. & R. at 3 (quoting Pet'r's Suppl. Br. at 4); *see* Pet. at 3, 5-11.[1] Petitioner explains that "a film production crew working on [a] true crime documentary" in September 2023 interviewed FBI agent Granville Long, who "had concluded in his

---

[1] Although Petitioner's later filing was docketed as, and viewed by Judge Mitchell as, an amended habeas corpus petition, the undersigned instead construes the filing as a supplemental brief to the initial Petition. *See* Pet'r's Obj. at 1 (requesting that the Court consider "the brief" that was filed April 7, 2025, together with the Objection).

2

investigation that [Petitioner] WAS NOT at the Bank" during the commission of the crimes. Pet'r's Suppl. Br. at 4, 9, 12.  Petitioner alleges that the agent's conclusion is "vital exculpatory evidence" that was withheld from defense counsel.  See Pet. at 13.

### A. The Report and Recommendation

As explained by Judge Mitchell, because Petitioner's 2004 Petition on the Comanche County conviction was denied on its merits, his presentation of challenges to that conviction through "[t]he filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013) (citing 28 U.S.C. § 2244(b)).  "Before a court can consider a second claim, an applicant must first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Id.* (quoting 28 U.S.C. § 2244(b)(3)(A)).

Judge Mitchell found that there was no allegation made or indication in the record that Petitioner had obtained the required authorization from the Tenth Circuit to pursue the instant Petition.  See R. & R. at 5.  Because the claims raised by Petitioner "challeng[e] the same conviction" as did Petitioner's previous habeas petition, the R. & R. concluded that this Court lacks jurisdiction to consider those claims.  See id. (citing *Young v. Wyo. Dep't of Corr. Medium Corr. Inst. Warden*, No. 24-8083, 2025 WL 1014236, at *1 (10th Cir. Apr. 4, 2025) ("If a prisoner files a second or successive habeas application without first obtaining authorization, the district court lacks jurisdiction to hear it.")).

Judge Mitchell further found that the Tenth Circuit already has considered and rejected a related argument made by Petitioner under 28 U.S.C. § 2254—i.e., that there was insufficient evidence to support Petitioner's conviction due, in part, to the conclusion

3

of FBI Agent Long that Petitioner's codefendant was "apparently alone" at the bank when the crimes were committed. *Johnson*, 505 F.3d at 1140 (emphasis omitted); *see* R. & R. at 7-8.[2] Judge Mitchell also found that, contrary to Petitioner's assertion, Agent Long's interview comments are not "newly discovered evidence." *See* R. & R. at 7-8.

When presented with such an unauthorized habeas petition, the Court must either dismiss the petition or, "if a transfer would serve the interest of justice," transfer the habeas application to the Tenth Circuit. *Young*, 2025 WL 1014236, at *1 (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); 28 U.S.C. § 1631). In light of the above, Judge Mitchell determined that transfer to the appellate court was not in the interest of justice. *See* R. & R. at 6-8. Specifically, to the extent Petitioner now brings a claim that was already presented in his 2004 Petition, such claim would be subject to dismissal if transferred. *See id.* at 7; 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

And, to the extent Petitioner attempts to bring new claims, a claim presented for the first time in a second or successive habeas petition "shall be dismissed" unless, as relevant here:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the

---

[2] Specifically, the Tenth Circuit found that Agent Long's reports failed to establish that the OCCA on direct appeal had unreasonably rejected Petitioner's argument that the evidence at trial was insufficient to allow the jury to find Petitioner guilty as a principal in the four felony-murder convictions. *See Johnson*, 505 F.3d at 1140.

4

>   evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Because "the factual predicate for Petitioner's claims was not newly discovered," Judge Mitchell determined that any claims brought now for the first time also would be subject to dismissal. R. & R. at 8; *see* 28 U.S.C. § 2244(b)(2)(B)(i).

Judge Mitchell concluded that, "[b]ecause a transfer to the Tenth Circuit would result in dismissal in any case, the interest of justice does not require it." R. & R. at 8; *see In re Cline*, 531 F.3d at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."); *see also Johnson v. Allbaugh*, 742 F. App'x 395, 396 n.2 (10th Cir. 2018).[3] The R. & R. therefore recommended that Petitioner's habeas application be dismissed for lack of jurisdiction. *See* R. & R. at 8.

   B. Petitioner's Objection

Petitioner's Objection does not challenge any of Judge Mitchell's factual findings. The Objection instead reurges the merits of his previous habeas arguments, including his

---

[3] As suggested by Judge Mitchell, any new habeas corpus claims would likely also be subject to dismissal as time barred. *See* R. & R. at 8 n.5; *Johnson v. Harvanek*, No. CIV-19-642-C, 2016 WL 4920199, at *2-4 (W.D. Okla. Aug. 23, 2016) (R. & R.), *adopted*, 2016 WL 4919966 (W.D. Okla. Sept. 14, 2016); 28 U.S.C. § 2244(d)(1). The record before the Court also indicates that any new claims have not been presented to the OCCA, as generally would be required for federal habeas relief to issue. *See* Pet. at 5, 11; Pet'r's Suppl. Br. at 2 (Petitioner alleging without explanation that "he had been barred" from seeking relief from the OCCA); 28 U.S.C. § 2254(b)(1)(A); *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

contention that, because he was not present at the bank with his codefendant, he could not properly be found guilty of felony murder under Oklahoma law. *See* Pet'r's Obj. at 2-3, 4-6. Relevant to the R. & R., Petitioner asserts only that he is relying upon the "verbal confession" of the FBI agent in the 2023 documentary as the basis for relief—suggesting that this footage is newly discovered evidence that should permit him to proceed on the second or successive Petition. *Id.* at 3-4.

Petitioner's argument is meritless. The fact that the FBI agent has now repeated the same conclusion in a different format, even if true, does not transform that conclusion into a new "factual predicate" that Petitioner "could not have . . . discovered previously." 28 U.S.C. § 2244(b)(2)(B)(i). As discussed in the R. & R., Petitioner relied upon the substance of Agent Long's reports—including the agent's alleged opinion that Petitioner was not at the bank during the robbery—in seeking relief in the 2004 Petition. *See Johnson*, 505 F.3d at 1137, 1140 (addressing Petitioner's argument that "the FBI agents investigating the case concluded that [Petitioner's codefendant] committed the robbery by himself"). And in connection with his 2016 Petition, Petitioner attempted to defeat dismissal of the pleading as second or successive and untimely by contending that he had shown his actual innocence based in part upon "the statement of FBI agents who opined that Petitioner's co-defendant committed the robbery alone." *Johnson*, 2016 WL 4920199, at *4; *see also McQuiggin v. Perkins*, 569 U.S. 383, 387, 392-93 (2013) (explaining that "a credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" under an exception to procedural and limitations-based bars).

### C. Petitioner's Request to the Tenth Circuit

While the R. & R. was pending, Petitioner requested authorization from the Tenth Circuit Court of Appeals for leave to file a second or successive habeas petition. *See In re Johnson*, No. 25-6111 (10th Cir. filed July 21, 2025). On August 6, 2025, the Tenth Circuit denied Petitioner's request, finding that "Agent Long's new statements do not show that no reasonable factfinder would have convicted" Petitioner. Tenth Cir. Order (Doc. No. 9) at 2.

There is nothing before the Court to disrupt the appellate court's conclusion that Petitioner has failed to meet the requirement for authorization under 28 U.S.C. § 2244(b)(2)(B). Therefore, it would not further the interest of justice to transfer the matter to the Tenth Circuit. *Cf.* 28 U.S.C. § 2244(b)(3)(E) ("The . . . denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition of rehearing or for a writ of certiorari.").

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 5) is ADOPTED as modified herein. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DISMISSED without prejudice for lack of jurisdiction. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When

7

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 7th day of October, 2025.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge